UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR19-0093JLR |
|---|---|
| Plaintiff, | ORDER ON MOTIONS *IN LIMINE* |
| v. | |
| DWAYNE BROOKS, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court are Defendant Dwayne Brooks' and Plaintiff United States of America's (the "Government") motions *in limine*.  (Def. MIL (Dkt. # 31); Gov't MIL (Dkt. # 32).)  The Government filed a response to Mr. Brooks' motions *in limine* (Gov't Resp. (Dkt. # 33)), but Mr. Brooks did not file an opposition to the Government's motion *in limine* (*see generally* Dkt.).  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court

//

DENIES the Government's motion *in limine* without prejudice and GRANTS in part and DENIES in part Mr. Brooks' motions *in limine* as more fully discussed below.

## II. ANALYSIS

### A. The Government's Motion *In Limine*

The Government moves to admit redacted log entries from Alaska USA Federal Credit Union ("Alaska USA"). (*See* Gov't MIL at 1; Log Entries (Dkt. # 32-2).) The log entries memorialize statements from Alaska USA employees and Mr. Brooks made during phone calls between Mr. Brooks and Alaska USA employees. (*See* Log Entries.) The Government represents that it has subpoenaed an Alaska USA records custodian who will testify that "the log entries were made and kept in the regular course of the bank's business and that the entries were made at or near the time by the bank employees with knowledge" and two former Alaska USA employees who had conversations with Mr. Brooks and made the log entries. (Gov't MIL at 2.) The Government did not submit an affidavit or declaration from this records custodian in support of its motion. (*See* Mot.)

The court DENIES the Government's motion WITHOUT PREJUDICE to presentation at trial. The court agrees with the Government that the redacted log entries could be admitted as business records under Federal Rule of Evidence 803(6) if the Government lays the appropriate foundation. (*See* Mot. at 3-4.) The court also agrees with the Government that Mr. Brooks' statements in the log do not meet the definition of hearsay. (*See id.*) However, the court will not admit the log entries until the Government presents an adequate foundation at trial.

//

**B.     Mr. Brooks' Motions *In Limine***

Mr. Brooks' motions *in limine* seek to exclude evidence of a number of "other acts" that the Government alleges Mr. Brooks committed and any summary charts related to those other acts. (*See* Def. MIL.) Mr. Brooks argues that evidence relating to these other acts "goes far beyond the specific activity charged in the Indictment" and, as such, is not relevant, unduly prejudicial, and improper character evidence under Rules 401, 403, and 404. (*See* Def. MIL at 1-4.) The court first addresses the applicable legal standard under those rules before turning to each of the acts at issue.

    1.     <u>Legal Standard</u>

Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without further evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence must be relevant to be admissible. Fed. R. Evid. 402.

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R Evid. 404(b)(1). The Ninth Circuit has recently reiterated, however, that "Rule 404(b) applies solely to evidence of 'other' acts, not to evidence of the very acts charged as crimes in the indictment." *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016). Moreover, it is well-settled that "evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'" *United States v. Dorsey*,

677 F.3d 944, 951 (9th Cir. 2012) (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)). The Ninth Circuit has applied the "inextricably intertwined" doctrine in two categories of cases: (1) where the other act "constitutes a part of the transaction that serves as the basis for the criminal charge," and (2) where it was necessary to admit the other act evidence "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Loftis*, 843 F.3d at 1178 (citations omitted).

Even where a party seeks to offer other act evidence and the inextricably intertwined exception does not apply, other act evidence may still be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). When evidence is offered under Rule 404(b)(2), "[t]he test for admitting such evidence is whether: '1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged.'" *United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019) (quoting *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996)).

Finally, under Rule 403, the court has discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

//

2. Specific Other Acts

   a. *Subaru Thefts and Related Statements*

The court DENIES Mr. Brooks' motion to exclude evidence regarding Mr. Brooks' alleged thefts of a Subaru belonging to Roger Rotermund. (*See* Def. MIL at 4.) Evidence relating to the Subaru thefts is not evidence of "other" acts under Rule 404(b). The indictment alleges that Mr. Brooks' scheme to commit bank fraud involved unlawfully obtaining debit cards, credit cards, and other identity information "through various illegal means, including mail theft, car prowling, and burglary." (*See* Indictment (Dkt. # 1) ¶¶ 1-3.) As part of that scheme, the Government alleges that Mr. Brooks stole Mr. Rotermund's Subaru and found a purse belonging to Susan Ash in the vehicle. (Gov't Tr. Br. (Dkt. # 21) at 2-3.) That purse had Ms. Ash's debit card and other identity information in it, and a number of the counts charged against Mr. Brooks relate to his use of Ms. Ash's debit card and identity information. (*See* Gov't Resp. at 5.) Thus, Mr. Brooks' thefts of the Subaru are part of the Government's charges against Mr. Brooks, which renders Rule 404(b) inapplicable. *See Loftis*, 843 F.3d at 1177. Additionally, this evidence is "inextricably intertwined" with the evidence relating to the crimes charged against Mr. Brooks, *see id.* at 1177-78; and would be admissible under Rule 404(b)(2) even if the evidence was other acts evidence for the listed purposes of opportunity, plan, and identity. *See* Fed. R. Evid. 404(b)(2).

The court will not exclude evidence of the car thefts under Rule 403. To exclude evidence under Rule 403, the undue prejudice resulting from the admission of the evidence must "substantially outweigh" its probative value. Fed. R. Evid. 403. Here, the

probative value of Mr. Brooks' Subaru theft far outweighs the danger of any unfair prejudice to Mr. Brooks. Thus, the court will not exclude this evidence as unduly prejudicial.

Finally, the court notes that Mr. Brooks raises vague hearsay objections to the Government's introduction of statements from Mr. Rotermund about the car thefts. (*See* Def. MIL at 4.) It is not clear what specific statements Mr. Brooks seeks to exclude or whether the Government intends to offer those statements. (*See id.*) Consequently, the court lacks sufficient information to rule on the portion of Mr. Brooks' motion. Accordingly, the court DENIES Mr. Brooks' motion WITHOUT PREJUDICE to re-raising his hearsay objections at trial, if appropriate.

      b.  *Handwritten Note Listing Criminal Cases*

The court DENIES Mr. Brooks' motion to exclude a handwritten note found in the Subaru with information relating to Mr. Brooks' unrelated Renton Municipal Court cases. (*See* Def. MIL at 5.) As noted above, the theft of the Subaru is not an "other" act because the theft of that car is part of the alleged scheme to defraud Ms. Ash. *See supra* § II.B.2.a. Additionally, that car theft is "inextricably intertwined" with the charges against Mr. Brooks. *See id.* The note that law enforcement found within the Subaru listing criminal cases that Mr. Brooks was a party to is a crucial piece of evidence tying Mr. Brooks to the theft of the vehicle and the theft of Ms. Ash's items. Thus, the note—like the Subaru theft itself—is not other act evidence, *see Loftis*, 843 F.3d at 1177; it is inextricably intertwined with the crimes charged, *see id.* at 1177-78; and it is admissible

//

under Rule 404(b)(2) for a number of the listed purposes, including identity and opportunity, *see* Fed. R. Evid. 404(b)(2).

The court will also not exclude this evidence under Rule 403. The note is highly probative, and the Government's offer to use a redacted copy of the note that scrubs reference to the criminal nature of Mr. Brooks' other cases or to stipulate that Mr. Brooks was a named party to the cases listed on the note cures any unfair prejudice. (*See* Gov't Resp. at 6); Fed. R. Evid. 403.

      *c.*     *Stolen Mail Found in the Subaru*

The court DENIES Mr. Brooks' motion to exclude evidence that stolen mail was recovered from the Subaru. (*See* Def. MIL at 5.) The indictment alleges that mail theft is one of the means through which Mr. Brooks stole access devices and identity information. (*See* Indictment (Dkt. # 1) ¶¶ 1-3.) The Government also intends to argue that Mr. Brooks stole mail from four of the specific victims that the Government's case-in-chief will focus on—Ms. Ash, Jean Dobbs, Darren Hostenske, and Julie Hostenske—and that Mr. Brooks used the items obtained from the stolen mail to commit bank fraud. (*See* Gov't Resp. at 6.) Thus, the Government argues that any evidence of mail theft should be admitted because mail theft was "an essential part of [Mr. Brooks'] fraud scheme." (*See id.*)

The court first concludes that the evidence of stolen mail in the Subaru is "other" acts evidence subject to the restrictions of Rule 404(b)(1). The Government argues that *any* evidence suggesting that Mr. Brooks possessed stolen mail—regardless of circumstances—cannot constitute "other" acts under Rule 404(b)(1) because mail theft

was part of Mr. Brooks' scheme to commit bank fraud. (*See* Gov't Resp. at 6.) The court rejects that argument. *Loftis* is instructive on this point. The *Loftis* defendant was charged with five counts of wire fraud relating to "a broad scheme to defraud" through the defendant's false representations about his oil business. 843 F.3d at 1175. The five counts in the indictment related to specific wire transfers from specific victims, but the government sought to admit evidence of additional victims and additional wire transfers that related to the same fraudulent scheme. *See id.* The Ninth Circuit noted that, because the crime of wire fraud "includes not only the specific executions of the scheme alleged . . . but also the overall scheme alleged," the uncharged transactions "are part of the charged offense—the fraudulent scheme as a whole—not 'other' crimes or 'other' acts evidence." *See id.* at 1177.

Unlike the uncharged transactions in *Loftis* that all related to the defendant's specific scheme to defraud investors with false representations about an oil business, *see id.* at 1175, here, evidence showing that Mr. Brooks possessed stolen mail could be related to any number of criminal schemes—many of which could have nothing to do with bank fraud. The court will not give the Government free reign to bypass Rule 404(b)(1)'s restrictions on propensity evidence without some showing that the stolen mail at issue relates to his scheme to commit bank fraud. The six counts of bank fraud in the indictment require the Government prove that Mr. Brooks carried out "a scheme or plan" to obtain money from a financial institution by making false statements or promises. *See* Ninth Circuit Manual of Model Criminal Jury Instructions No. 8.127 (2010). If the Government wants to admit evidence that Mr. Brooks possessed stolen mail without

triggering Rule 404(b)(1)'s restrictions, it must do more to connect that stolen mail to Mr. Brooks' specific scheme to defraud financial institutions than merely allege that part of Mr. Brooks' scheme involved stealing mail.[1] (*See* Gov't Resp. at 6.) Because the Government has not made such a showing with regarding to the stolen mail found in the Subaru, the court finds that Mr. Brooks' alleged possession that mail constitutes "other" acts evidence under Rule 404(b)(1).

Although Rule 404(b)(1) applies, the court concludes that evidence of the stolen mail in the Subaru is still admissible. Under Rule 404(b)(2), evidence showing that stolen mail was found in the Subaru can be offered for the non-propensity purposes of showing Mr. Brooks' plan, knowledge, absence of mistake, and *modus operandi*. Fed. R. Evid. 404(b)(2). Also, the court will not exclude this evidence under Rule 403 because the danger of unfair prejudice or confusion to the jury presented by this evidence does not substantially outweigh its probative value. Fed. R. Evid. 403.

    d.  *Uncharged Money Order Purchases with Ms. Ash's Debit Card*

The court DENIES Mr. Brooks' motion to exclude evidence of money order transactions made with Ms. Ash's debit card that the Government has not alleged in the indictment. (*See* Def. MIL at 5.) Although the Government has not charged Mr. Brooks with a different count of bank fraud for every alleged money order transaction made with Ms. Ash's debit card, evidence of these transactions does not constitute "other" acts evidence. Unlike the evidence showing that Mr. Brooks possessed stolen mail that was

---

[1] For similar reasons, the court is unable to conclude that the stolen mail found in the Subaru is inextricably intertwined with the conduct charged in the indictment.

potentially unrelated to Mr. Brooks' bank fraud, *see supra* § II.B.2.c, evidence of Mr. Brooks' uncharged money order transactions using Ms. Ash's debit card specifically relates to Mr. Brooks' "fraudulent scheme as a whole" and is thus not "other" acts evidence. *See Loftis*, 843 F.3d at 1177. Additionally, as the *Loftis* court noted, these kinds of uncharged transactions also fall under the inextricably intertwined exception. *See id.* at 1178. The court also agrees with the Government that the uncharged transactions would be admissible under Rule 404(b)(2) to show intent, opportunity, identity, knowledge, absence of mistake, and plan. *See* Fed. R. Evid. 404(b)(2).

The court will not exclude this evidence under Rule 403. This evidence is highly probative, and the court rejects Mr. Brooks' argument that admitting the evidence of the money orders would be a waste of time. (*See* Def. MIL at 5); Fed. R. Evid. 403.

          e. *Mr. Brooks' DUI Arrest and Property Found During the Arrest*

The court GRANTS in part and DENIES in part Mr. Brooks' motion to exclude evidence of his January 2018 arrest for driving under the influence ("DUI") and certain items found during that arrest. (*See* Def. MIL at 6.) The fact that Mr. Brooks was arrested for a DUI is "other" acts evidence under Rule 404(b)(1), it is not inextricably intertwined with the conduct charged in the indictment, and its admission would be substantially more prejudicial than probative. *See* Fed. R. Evid. 403, 404(b). Accordingly, the court grants Mr. Brooks' motion in part and excludes all reference to the fact that Mr. Brooks was arrested for a DUI. The court agrees with the Government, however, that "some context must be provided for the jury to explain how the [G]overnment came into possession of crucial pieces of evidence" found inside the

vehicle Mr. Brooks was driving. (Gov't Resp. at 7.) To allow the Government to provide this context without prejudicing Mr. Brooks, the court adopts the solution proposed by Mr. Brooks: "The defense would not object to the [G]overnment introducing that the cards and pendant were found with Mr. Brooks when he was arrested (leaving the jury to presume it was for the charged conduct), leaving out the circumstances of the arrest." (Def. MIL at 6.) The Government may inform the jury that Mr. Brooks was arrested in a vehicle in January 2018, in Pierce County, and that certain items were found in that vehicle, but it may not discuss the nature of the arrest.

The court denies Mr. Brooks' motion to the extent that he seeks to exclude evidence of items found within the car that belong to individuals other than Ms. Ash. (*See id.*) Like the evidence of stolen mail in the Subaru, evidence showing that Mr. Brooks possessed access devices belonging to other victims shows Mr. Brooks' plan, knowledge, absence of mistake, and *modus operandi* under Rule 404(b)(2), and the evidence is not substantially more prejudicial than probative under Rule 403. *See* Fed. R. Evid. 403, 404(b)(2).

     *f.*  *Mr. Brooks' Facebook Picture*

The court DENIES Mr. Brooks' motion to exclude the photograph found on his Facebook account that depicts him wearing a gold chain and pendant. (*See* Def. MIL at 6.) Mr. Brooks argues that this photograph is unfairly prejudicial and should be excluded under Rule 403. (*See id.*); Fed. R. Evid. 403. The court disagrees. Count 6 of the indictment charges Mr. Brooks with using Ms. Ash's credit card to purchase the gold

//

chain and pendant that Mr. Brooks is wearing in the photograph. Thus, the photograph is highly probative and directly related to the charges in count 6 in the indictment. To the extent that there is any unfair prejudice from the photograph, the court finds that the Government's proposed redactions (*see* Gov't Resp., Ex. C) cure that prejudice.

       g. *Surveillance Video from Ms. Ash's Condominium*

  The court DENIES Mr. Brooks' motion to exclude video clips from the surveillance cameras at Ms. Ash's condominium. (*See* Def. MIL at 7.) Ms. Ash will be a central figure in the Government's case-in-chief. (*See* Gov't Tr. Br. at 2-8.) Counts 4-6, 8, and 10 in the indictment relate to Mr. Brooks' theft and use of Ms. Ash's identity and access devices. (*See* Indictment ¶¶ 11, 15, 17.) Thus, surveillance footage from Ms. Ash's apartment showing someone entering Ms. Ash's condominium using Ms. Ash's key fob and taking bags and mail from Ms. Ash and other condominium residents is not "other" acts evidence and is admissible under *Loftis* and the inextricably intertwined exception to Rule 404(b)(1). *See Loftis*, 843 F.3d at 1177-78. Moreover, even if this video did constitute "other" acts evidence under Rule 404(b)(1), the court would admit this evidence under Rule 404(b)(2). *See* Fed. R. Evid. 404(b)(2). The court will also not exclude this evidence under Rule 403 because the probative value of the evidence is not substantially outweighed by the unfair prejudice that would result from its admission. *See* Fed. R. Evid. 403.

  To the extent that Mr. Brooks' argument is that the video footage is irrelevant because the man shown in the surveillance footage is not Mr. Brooks (*see* Def. MIL at 7), the court rejects that argument. Either the man in the video is Mr. Brooks and the

1 evidence is helpful to the Government's case or the man in the video is not Mr. Brooks

2 and the evidence is helpful to Mr. Brooks' case.  Regardless of which conclusion the jury

3 ultimately reaches, evidence showing someone breaking into Ms. Ash's home and taking

4 her possessions is highly relevant given that she will be a central figure in the

5 Government's case-in-chief.

      *h.*  *Bags and Power of Attorney Form from Gary Gill*

   The court DENIES Mr. Brooks' motion to exclude the bags and unsigned power of attorney form that Gary Gill provided to law enforcement officers.  (*See* Def. MIL at 7.)  Mr. Brooks lived with Mr. Gill for two months and the Government claims that the 30 bags that Mr. Gill delivered to law enforcement belonged to Mr. Brooks and contained stolen mail.  (*See* Gov't Resp. at 9; Def. MIL at 7.)  Evidence of stolen mail in these bags is admissible under Rule 404(b)(2) for the same reasons that the evidence of stolen mail found in the Subaru and in the car Mr. Brooks was driving during his DUI arrest is admissible.  *See supra* § II.B.2.c, e; *see also* Fed. R. Evid. 404(b)(2).  The power of attorney form that Mr. Gill turned over to law enforcement listed Ms. Ash granting power of attorney to Mr. Brooks.  (*See* Def. MIL at 7.)  Thus, possession of this form is not an "other" act and is admissible under *Loftis* as part of Mr. Brooks' scheme to defraud related to Ms. Ash, *see Loftis*, 843 F.3d at 1177; possession of the form is inextricably intertwined with the conduct charged in the indictment, *see id.* at 1177-78; and the form is admissible under Rule 404(b)(2) to show plan, opportunity, preparation, intent, identity, and absence of mistake, *see* Fed. R. 404(b)(2). So long as the Government lays

22 //

sufficient foundation to show that Mr. Brooks possessed the power of attorney form, the fact that the form is unsigned has no bearing on its admissibility.

      i.  *Uncharged Fraudulent Checks Deposited Into Mr. Brooks' Bank Account*

The court DENIES Mr. Brooks' motion to exclude evidence related to stolen checks deposited into Mr. Brooks' bank account that are not part of the charges in the indictment. (*See* Def. MIL at 7-8.) The indictment alleges that part of Mr. Brooks' fraudulent scheme involved obtaining stolen checks and money orders and altering, forging, and falsely endorsing those checks to himself. (*See* Indictment ¶¶ 7-10.) Count 3 of the indictment specifically charges Mr. Brooks with bank fraud based on his deposit of a check stolen from Mr. Hostenske and Ms. Hostenske into Mr. Brooks' Alaska USA account. (*See* Indictment ¶ 11.) Thus, evidence that other uncharged stolen checks were deposited into Mr. Brooks' Alaska USA account is evidence of Mr. Brooks' "fraudulent scheme as a whole" and is thus admissible. *See Loftis*, 843 F.3d at 1177. This evidence is also inextricably intertwined with the conduct charged in the indictment, *see id.* at 1177-78; and is admissible under Rule 404(b)(2) for the enumerated purposes of intent, knowledge, identity, plan, and absence of mistake, *see* Fed. R. Evid. 404(b)(2).

The court will not exclude this evidence under Rule 403. The prejudicial impact of this evidence does not substantially outweigh its probative value. *See* Fed. R. Evid. 403.

//

//

     *j.*  *Uncharged Expenses on Ms. Dobbs' Discover Accounts*

  The court DENIES Mr. Brooks' motion to exclude evidence related to alleged fraudulent transactions made using Ms. Dobbs' Discover accounts. (*See* Def. MIL at 8.) Counts 1 and 2 of the indictment allege that Mr. Brooks committed bank fraud by using Ms. Dobbs' Discover accounts to make and attempt to make cash withdrawals. (*See* Indictment ¶ 11.) Thus, evidence of other uncharged transactions using these same accounts is part of Mr. Brooks' "fraudulent scheme as a whole" and is thus admissible. *See Loftis*, 843 F.3d at 1177. Count 7 of the indictment alleges that Mr. Brooks' unauthorized use of Ms. Dobbs' access devices constitutes access device fraud (*see* Indictment ¶ 13), and the charge of access device fraud requires that the Government show that Mr. Brooks incurred more than $1,000 in fraudulent charges using the access devices in a one-year period. *See* Ninth Circuit Manual of Model Criminal Jury Instructions No. 8.85 (2010). Thus, evidence of "other expenses" is not "other" acts evidence under Rule 404(b)(1) because admission of this evidence goes directly to the Government's burden of proof on the crimes charged. *See* Fed. R. Evid. 404(b)(1). Moreover, evidence showing that Mr. Brooks used Ms. Dobbs' Discover accounts for uncharged transactions is inextricably intertwined with the crimes charged in the indictment and is admissible under Rule 404(b)(2) to show identity and opportunity. *See Loftis*, 843 F.3d at 1177-78; Fed. R. Evid. 404(b)(2).

//

//

//

    k. *Uncharged Fraudulent Activity Related to Ms. Dobbs' American Express and Fidelity Accounts*

The court DENIES Mr. Brooks' motion to exclude evidence related to his alleged use of Ms. Dobbs' American Express and Fidelity accounts. (*See* Def. MIL at 8.) Because the Government has not charged Mr. Brooks with bank fraud relating to Ms. Dobbs' American Express or Fidelity accounts, the court will not admit this evidence as part of Mr. Brooks' fraudulent scheme under *Loftis* or the inextricably intertwined exception. *See* 843 F.3d at 1177-78. However, counts 1 and 2 of the indictment allege that Mr. Brooks used Ms. Dobbs' Discover accounts to make and attempt to make cash withdrawals and count 9 alleges aggravated identity theft based on Mr. Brooks' use of Ms. Dobbs' access devices. (*See* Indictment ¶¶ 11, 16.) Thus, evidence showing that Mr. Brooks had access to Ms. Dobbs' American Express and Fidelity accounts or controlled those accounts is admissible under Rule 404(b)(2) to show identity, plan, knowledge, opportunity, *modus operandi*, and absence of mistake. *See* Fed. R. Evid. 404(b)(2).

    l. *Summary Charts*

The court DENIES Mr. Brooks' motion to exclude summary charts. (*See* Def. MIL at 8.) The Government's trial brief states that the Government will offer a number of summary charts as evidence that summarizes Mr. Brooks' fraudulent transactions with different access devices. (*See* Gov't Tr. Br. at 17-19.) Mr. Brooks argues that any summary exhibits that address the uncharged conduct that Mr. Brooks seeks to exclude in his motions *in limine* should be excluded for the same reasons the underlying evidence should be excluded. (*See* Def. MIL at 8.) However, because the court denied Mr.

Brooks' motions to exclude the underlying evidence, it also denies his request to exclude the summary charts.

3. <u>Limiting Instruction</u>

Although Mr. Brooks did not request limiting instructions as an alternative to exclusion (*see generally* Def. MIL), the court recognizes that limiting instructions may be appropriate for some of the Rule 404(b)(2) evidence that the Government seeks to admit. *See* Fed. R. Evid. 105. Thus, to the extent that Mr. Brooks believes that a limiting instruction is warranted under Rule 105, he may request such an instruction at trial.

### III. CONCLUSION

For the reasons set forth above, the court rules on the Government's motion *in limine* (Dkt. # 32) and Mr. Brooks' motions *in limine* (Dkt. # 31) as follows:

- The Government's motion *in limine* to admit redacted log entries from Alaska USA is DENIED WITHOUT PREJUDICE;
- Mr. Brooks' motion to exclude evidence regarding Mr. Brooks' alleged thefts of a Subaru is DENIED;
- Mr. Brooks' motion to exclude hearsay statements from Mr. Rotermund regarding the theft of the Subaru is DENIED WITHOUT PREJUDICE;
- Mr. Brooks' motion to exclude a handwritten note found in the Subaru is DENIED;
- Mr. Brooks' motion to exclude evidence of money order transactions made with Ms. Ash's debit card that the Government has not alleged in the indictment is DENIED;

- Mr. Brooks' motion to exclude evidence of his January 2018 DUI arrest and certain items found during that arrest is GRANTED in part and DENIED in part;
- Mr. Brooks' motion to exclude the photograph found on his Facebook account that depicts him wearing a gold chain and pendant is DENIED;
- Mr. Brooks' motion to exclude video clips from the surveillance cameras at Ms. Ash's condominium is DENIED;
- Mr. Brooks' motion to exclude the bags and unsigned power of attorney form that Gary Gill provided to law enforcement officers is DENIED;
- Mr. Brooks' motion to exclude evidence related to stolen checks deposited into Mr. Brooks' bank account that are not part of the charges in the indictment is DENIED;
- Mr. Brooks' motion to exclude evidence related to alleged fraudulent transactions made using Ms. Dobbs' Discover accounts is DENIED;
- Mr. Brooks' motion to exclude evidence related to his alleged use of Ms. Dobbs' American Express and Fidelity accounts is DENIED; and
- Mr. Brooks' motion to exclude summary charts is DENIED.

Dated this 6th day of January, 2020.

JAMES L. ROBART
United States District Judge