UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>DWAYNE BROOKS,<br><br>             Defendant. | CASE NO. CR19-0093JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is *pro se* Defendant Dwayne Brooks's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1).  (Mot. (Dkt. # 112); Letter (Dkt. # 117).[1]) Plaintiff the United States of America (the "Government") opposes Mr. Brooks's motion. (Resp. (Dkt. # 118-1).)  The court has considered Mr. Brooks's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the

---

[1] The court cites to the page numbers in the CM/ECF header when referencing Mr. Brooks's pleadings.

ORDER - 1

record, and the applicable law.  Being fully advised, the court DENIES Mr. Brooks's motion.

## II. BACKGROUND

Mr. Brooks is a 41-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Sheridan.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 13, 2023).  Between 2016 and 2018, Mr. Brooks defrauded numerous individuals by stealing their bank cards, checks, and identity information. (*See generally* Presentence Investigation Report ("PSR") (Dkt. # 73 (sealed)) at 4-7; Indictment (Dkt. # 1 (sealed)).)  A jury convicted Mr. Brooks of six counts of bank fraud, two counts of access device fraud, and two counts of aggravated identity theft. (*See generally* Verdict (Dkt. # 55).)  On May 4, 2021, the court sentenced Mr. Brooks to 65 months of imprisonment followed by three years of supervised release. (*See* 5/4/21 Minute Entry (Dkt. # 78); Judgment (Dkt. # 79).)  He was remanded into custody following his sentencing hearing, and his projected release date is June 20, 2025. (*See* 5/4/21 Minute Entry); *Inmate Locator*.

## III. ANALYSIS

Mr. Brooks now seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See generally* Mot.)  He asks the court to reduce his term of imprisonment to time served or "by any amount deemed appropriate." (*Id.* at 2.)  In his supplemental letter, Mr. Brooks also asks the court to appoint him counsel. (Letter at 1.)  The court begins by setting forth the standard of review before turning to its analysis of Mr. Brooks's motion and his request for appointment of counsel.

**A.     Standard for a Reduction in Sentence**

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification," commonly referred to as compassionate release,[2] "by filing motions to that effect with the district court." *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. If the inmate meets all three conditions, the court must consider the sentencing factors set forth in 18

---

[2] "Although relief under § 3582(c) is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *2 n.1 (D. Ariz. Jan. 31, 2022) (quoting *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020)).

U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

When presented with a defendant-filed, rather than BOP-filed, motion for a reduction in sentence, the Ninth Circuit has held that "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (concluding that the Sentencing Commission's current policy statement, which limits "extraordinary and compelling reasons" to four categories, does not apply to defendant-filed motions for a reduction in sentence (citing U.S.S.G. § 1B1.13 cmt. n.1(A)-(D))); *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding"); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (stating that district court has "discretion to consider a combination of 'any' factors particular to the case at hand" when determining whether extraordinary and compelling circumstances exist (quoting *Aruda*, 993 F.3d at 802)).

**B.     Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Brooks's motion, the court must determine whether he has met the statutory exhaustion requirement for a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Where, as here, the director of the BOP has not filed the motion on defendant's behalf, the court may consider the motion only if defendant has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked," rather than a rule that deprives this court of subject matter jurisdiction. *Keller*, 2 F.4th at 1282. "In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived as a ground for opposing compassionate release." *United States v. Ortiz*, No. CR12-0062RSL, 2023 WL 1781565, at *3 (W.D. Wash. Feb. 6, 2023).

On December 30, 2021, Mr. Brooks submitted a request for a reduction in sentence to the Warden at FCI Sheridan based on his conditions of confinement during COVID-19 and his medical conditions. (*See* Mot. at 7.) The Warden denied the request on January 26, 2022. (*See id.* at 6.) Mr. Brooks then filed this motion on August 10, 2023—more than 30 days after he submitted his requests to the warden. (*See generally id.*)

The Government agrees that Mr. Brooks has satisfied the exhaustion requirement "insofar as he seeks early released based on the conditions of confinement during the pandemic and his own medical conditions." (Resp. at 5-6.) However, the Government argues that Mr. Brooks has not presented evidence of exhaustion of his other "extraordinary and compelling" arguments, such as his arguments based on proposed

amendments to the Sentencing Guidelines or the court's alleged failure to credit him for time served in a prior case. (*Id.*; *compare* Mot. at 7 (request for reduction in sentence), *with* Mot. at 8 (extraordinary and compelling arguments).)

The court agrees that Mr. Brooks has properly exhausted his argument regarding his conditions of confinement but has not properly exhausted his arguments regarding his rehabilitation, the proposed amendments to the Sentencing Guidelines, and the court's alleged failure to credit him for time served in a prior case. *See Ortiz*, 2023 WL 1781565, at *4 ("Exhaustion in the compassionate release context requires that the request to the warden identify '[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration.'" (citing 28 C.F.R. § 571.61(a)(1))). Mr. Brooks's motion for a reduction in sentence is therefore denied to the extent it is based on unexhausted arguments. *See Keller*, 2 F.4th at 1282; *Ortiz*, 2023 WL 1781565, at *3. For the reasons discussed below, even if Mr. Brooks's had properly exhausted his arguments regarding his rehabilitation, the proposed amendments to the Sentencing Guidelines, and the court's alleged failure to credit him for time served in a prior case, the court would not find "extraordinary and compelling" circumstances based on such arguments. (*See infra* §§ III.C.1, III.C.3-.4.)

**C.     Extraordinary and Compelling Circumstances**

Mr. Brooks bears the burden of establishing that "extraordinary and compelling" circumstances warrant a reduction of Mr. Brooks's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). Mr. Brooks argues that he is entitled to a reduction in

sentence because of: (1) his "extraordinary rehabilitation; (2) the "additionally punitive nature of serving time during the COVID-19 pandemic"; (3) proposed amendments to the "Status Points" Sentencing Guideline, U.S.S.G. § 4A1.1(d), that would allegedly benefit him; and (4) the court's failure to credit time served in an allegedly "related" state case. (*See* Mot. at 1-3, 8.) For the reasons set forth below, the court concludes that Mr. Brooks has not established "extraordinary and compelling reasons" justifying his release.

### 1. Post-Sentence Rehabilitation

Mr. Brooks argues that his post-sentence rehabilitation presents an extraordinary and compelling reason for compassionate release. (*See* Mot. at 1, 8.) Mr. Brooks states that he "has demonstrated a commitment to his recovery by participating in all available programs in Sheridan FCI and remaining free of disciplinary incident reports for his entire period of incarceration." (*Id.* at 8; *see also* Letter at 1.) Although the court commends Mr. Brooks for taking these strides and does not intend to minimize his progress, such rehabilitative efforts do not alone establish "extraordinary and compelling" circumstances warranting early release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.); *see, e.g.*, *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021) (determining that early release was not justified by defendant's accomplishments in prison where defendant engaged in educational programming during incarceration and incurred only three disciplinary infractions).

//

2. Conditions of Confinement at FCI-Sheridan

Mr. Brooks argues that COVID-19's impact on his conditions of confinement at FCI Sheridan warrants a reduction in sentence. (*See* Mot. at 1, 3.) He contends that the "onerous lockdowns," "restrictions on programming," unhygienic conditions, and staff, food, and medication "shortages" have made his conditions of confinement much harsher than what the court could have foreseen during his sentencing.[3] (*Id.*; *see also id.* at 3 ("Sheridan FCI has been under a state of near-constant lockdown for nearly 4 years.").)

The court need not reiterate the widely known information regarding the symptoms of COVID-19, the devastating global impact of the virus, and the unprecedented challenges COVID-19 created for federal prisons. *See United States v. Rollness*, No. CR06-0041RSL, 2021 WL 4476920, at *4 (W.D. Wash. Sept. 30, 2021) (discussing COVID-19's impact on prisons). Moreover, the court does not discount the dangers associated with COVID-19 nor the difficulties prisons face in preventing and containing outbreaks.

However, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D.

---

[3] Mr. Brooks argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement" at the facility. (Mot. at 1.) However, in the cases cited to by Mr. Brooks, the courts based their decision to reduce the defendant's sentence off of the defendant's particularized circumstances rather than general conditions of confinement. *See, e.g.*, *United States v. Westwolf*, No. CR19-41GF-BMM, 2023 WL 3305102 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Beltran*, No. CR19-35-GFBMM, 2023 WL 3851047 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

Wash. July 27, 2020); *United States v. Veletanlic*, No. CR18-0162JLR, 2021 WL 5205706, at *4 (W.D. Wash. Nov. 9, 2021) (rejecting argument that the general "conditions at [defendant's prison] warrant release, including the number of COVID-19 infections and deaths, the lax implementation and enforcement of COVID-19 prevention policies, the impossibility of maintaining social distancing, and the unhygienic living situations"); *United States v. Thomas*, No. 3:17-CR-00051-SLG, 2021 WL 3924724, at *2 (D. Alaska Sept. 1, 2021) ("[E]very BOP inmate—and in fact nearly every incarcerated person—has experienced limitations on their ability to communicate, exercise, gain an education, and receive job skills training during the COVID-19 pandemic. Conditions that are shared by nearly every inmate in the country are not 'extraordinary and compelling,' and the restrictions Mr. Thomas is subject to are in no way unique to him."). Courts have also rejected generalized claims "that [a defendant's] period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult." *See Suryan*, 2021 WL 3510423, at *3 (stating that BOP lockdown "conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release"); *United States v. Becerra*, Case No. 17cr1465-LAB, 2021 WL 461699, at *2 (S.D. Cal. Feb. 8, 2021) ("The inconvenience caused by extended lockdown is not an 'extraordinary and compelling reason.'").

While Mr. Brooks's conditions of confinement at FCI Sheridan have been more challenging than the court could have predicted, this is a generalized claim that every

//

inmate who has been in custody could assert and is not unique to Mr. Brooks.[4] Accordingly, the court finds that Mr. Brooks's conditions of confinement do not constitute "extraordinary and compelling" circumstances warranting a reduction in sentence.[5] *See Suryan*, 2021 WL 3510423, at *3; *see also Extraordinary Circumstances*, Black's Law Dictionary (11th ed. 2019) (defining "extraordinary circumstances" as a "highly unusual set of facts that are not commonly associated with a particular thing or event").

### 3. Amendment to the "Status Points" Sentencing Guideline

Mr. Brooks argues that a reduction in sentence is warranted in light of proposed amendments to the "Status Points" Sentencing Guideline. (Mot. at 8.) He contends that his criminal history score and category would be lower if calculated using the amended Status Points Guideline. (*Id.* (contending that the changes to this Guideline, if adopted, will be retroactive).)

---

[4] Indeed, Mr. Brooks's motion appears to be a form motion that has been filed by at least six other defendants convicted in this District and currently held at Sheridan. *See, e.g.*, *United States v. Slaughter*, No. CR13-0359RSL (W.D. Wash.), Dkt. # 115; *United States v. Pigott*, CR21-0013RAJ (W.D. Wash.), Dkt. # 35; *United States v. Stahlman*, No. CR18-5094BHS (W.D. Wash.), Dkt. # 1184; *United States v. Taylor Nairn*, No. CR18-5094BHS (W.D. Wash.), Dkt. # 1185; *United States v. Abdullah*, No. CR17-0291JLR (W.D. Wash.), Dkt. # 112; *United States v. Bravo-Vargas*, No. CR21-0139JLR (W.D. Wash.), Dkt. # 47.

[5] Moreover, the court agrees with the Government's contention that a motion for a reduction in sentence is not the proper vehicle to challenge Mr. Brooks's conditions of confinement. *See United States v. Berrelleza-Verduzco*, No. CR12-0062RSL, 2021 WL 1178189, at *2 n.1 (W.D. Wash. Mar. 29, 2021) (citing *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020)). Although there appears to be no barrier preventing the court from considering Mr. Brooks's arguments under the reduction in sentence framework, Eighth Amendment arguments regarding conditions of confinement are better suited to a habeas petition or civil rights claim. *See United States v. Slaughter*, No. CR13-0359RSL, 2023 WL 5609339, at *4 (W.D. Wash. Aug. 30, 2023).

Even if Mr. Brooks was correct and the amended Status Points Guideline would reduce his criminal history score and category, the proposed amendments, assuming Congress does not block them, will not take effect until November 1, 2023. *See Amendments to the Sentencing Guidelines*, U.S. Sent'g Comm'n (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf; *id.* at 77-86 (detailing amendments to the Status Points Guideline). Additionally, the Sentencing Commission recently decided to make this change retroactive, but to impose a three-month delay. *See Materials Relating to the 2023 Criminal History Amendment*, U.S. Sent'g Comm'n, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment (last visited Sept. 13, 2023). Under that approach, while defendants sentenced before November 1, 2023, may apply for a sentence reduction at any time, a court may not reduce a defendant's sentence before February 1, 2024. Thus, Mr. Brooks's argument is premature and the court declines to find that the proposed amendments constitute extraordinary and compelling reasons for a sentence reduction.

    4. <u>Credit for Time Served in an Allegedly Related State Case</u>

Mr. Brooks contends that he should have been credited for the state time he served with respect to his 2019 Pierce County convictions for taking a vehicle without permission, attempting to elude a police vehicle, possession of a controlled substance, and driving under the influence[6] because those offenses are allegedly "relevant conduct"

---

[6] The court construes Mr. Brooks's argument as relating to these convictions because these convictions carried a 22-month sentence (PSR at 12), and Mr. Brooks's motion argues that

1  to the offenses he was convicted of in this case. (Mot. at 8 (arguing that his criminal
2  history score should also be lowered because of the related nature of those state court
3  offenses); *see also* Letter.) He argues that the court's failure to treat these offenses as
4  related to the instant offenses warrants a reduction in sentence. (Mot. at 8.)

5        Mr. Brooks's counsel made this same argument during his sentencing hearing.
6  (*See, e.g.*, Sentencing Tr. at 4:14-25, 5:1-7:7.) The court rejected the argument,
7  concluding that those offenses were not part of the conspiracy or allegations in this case,
8  and thus, the Sentencing Guidelines did not require the court to exclude them from the
9  criminal history score or credit Mr. Brooks for state time served with respect to those
10 offenses. (*Id.*; *see also id.* at 4:14-25 (stating that the things Mr. Brooks was charged and
11 convicted of in Pierce County "are far enough afield, even though, ultimately, there is
12 some identity documents that were recovered, apparently, out of that").) Mr. Brooks fails
13 to offer any information that would lead the court to reconsider its prior conclusion on
14 this issue. (*See generally* Mot. at 8, 13-46 (exhibits).) Moreover, on appeal, the Ninth
15 Circuit concluded that the court "did not clearly err at sentencing by declining to consider
16 the vehicle theft and eluding police state charges as relevant conduct" and affirmed Mr.
17 Brooks's conviction and sentence. (*See* Mem. (Dkt. # 106).) Accordingly, the court does
18 not find extraordinary and compelling circumstances based on the court's alleged failure
19 //

---

he should have been credited for the 22 months he served in relation to his state convictions (Mot. at 8). Moreover, the court already credited Mr. Brooks for the other "related" state convictions mentioned in his motion and the exhibits attached thereto. (*See, e.g.*, Mot. at 13-14, 16-29, 32-46; PSR at 12-13; Sentencing Tr. (Dkt. # 91) at 3:11-12:1.)

to credit him for certain state time served and to omit those state convictions from his criminal history score.

The court further finds that, even when Mr. Brooks's arguments are considered together, he has not established "extraordinary and compelling" reasons justifying a reduction in sentence. Having determined that Mr. Brooks has not made the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence, the court need not analyze whether a reduction in Mr. Brooks's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, the court DENIES Mr. Brooks's motion for a reduction in sentence.

**D.      Appointment of Counsel**

The court also denies Mr. Brooks's request for appointment of counsel. (Letter at 1.) The Ninth Circuit has held that federal prisoners do not have a Sixth Amendment right to counsel in post-conviction proceedings. *See Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) (no right to counsel when bringing habeas motion); *United States v. Townsend*, 98 F.3d 510, 511-13 (9th Cir. 1996) (no right to counsel when bringing motion under 18 U.S.C. § 3582(c)). Thus, "the decision whether to appoint counsel rests in the discretion of the district court." *Townsend*, 98 F.3d at 513 (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Generally, district courts only appoint counsel in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his

claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Here, the court has found Mr. Brooks cannot succeed on the merits of his motion for a reduction in sentence. Thus, the case does not present exceptional circumstances warranting the appointment of counsel. *See, e.g.*, *Ortiz*, 2023 WL 1781565, at *7 (reaching the same conclusion after denying defendant's motion for compassionate release); *see also United States v. Parlor*, No. CR18-203-BLW, 2022 WL 1538698, at *1 (D. Idaho May 16, 2022) ("Furthermore, there is no statute of limitations, nor is there a limit on the number of requests an inmate can make under 18 U.S.C. 3582. Thus, it is rare that there exist circumstances necessitating the appointment of counsel to request compassionate release."). To the extent Mr. Brooks is requesting counsel to amend his indictment (Letter at 1), rather than to assist with his motion for a reduction in sentence, the court similarly declines to find exceptional circumstances warranting the appointment of counsel because the court is unaware of any authority that would allow Mr. Brooks to amend the indictment post-verdict.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brooks's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 112).

Dated this 3rd day of October, 2023.

JAMES L. ROBART
United States District Judge