UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DWAYNE BROOKS,<br>Defendant. | CASE NO. 2:19-cr-00093-JLR<br>**ORDER REVOKING APPEARANCE BOND AND DETAINING DEFENDANT** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f) and finds there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

Defendant was convicted of bank fraud, access device fraud and aggravated identity theft and started his term of supervised release on February 6, 2026. On March 6, 2026, the probation office filed a petition alleging Defendant violated his supervision by committing the crimes of vehicle prowling, driving while license suspended and failing to report as directed. The Court issued a warrant for arrest on March 6, 2026. On March 18, 2026 a supplemental petition was filed alleging Defendant used amphetamines on three different days. On March 23, 2026 Defendant appeared and was released on bond with special conditions that included he

participate in and successfully complete an inpatient treatment program. On May 26, 2026, another supplemental petition was filed, alleging Defendant used methamphetamine on three different days and failed to comply with drug testing. On June 9, 2026, another supplemental petition was filed alleging Defendant failed to participate in inpatient drug treatment, twice failed to comply with drug testing and failed to report as directed. On July 20, 2026, yet another supplemental petition was filed alleging Defendant used amphetamine and methamphetamine on three occasions, used fentanyl on two occasions, used alcohol and has failed to make restitution payments since May 2026.

Defendant now faces 13 alleged violations of conditions of supervision or his appearance bond. Defendant did not contest detention when he appeared at his detention hearing. The Court indicated Defendant may move to reopen detention if he wishes to present a release plan.

The Court accordingly **ORDERS**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal.

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel.

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 5th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge